UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ———————————————— | ) | |
| GENERAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-591-TSE/JFA |
| | ) | |
| ADRIANA KOECK, | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————) | | |

## AMENDED COMPLAINT

Plaintiff General Electric Company ("GE"), by its attorneys, alleges as follows:

## NATURE OF THE CASE

1.   This action arises out of defendant Adriana Koeck's improper retention and disclosure of GE's privileged and/or confidential information.

2.   Defendant Adriana Koeck ("Koeck") served as in-house counsel for GE from January 2006 until her employment termination approximately one year later for performance reasons.

3.   As in-house counsel for GE, Koeck was entrusted with GE's privileged, confidential, and proprietary information on a range of matters.  As a condition of her employment, she signed a confidentiality agreement, by which she agreed to keep GE's information strictly confidential, as well as return all GE documents in her possession upon termination of her employment.

4.   Notwithstanding this agreement, and her ethical obligations under the rules of professional conduct where she was actively licensed, Koeck failed to return all GE documents upon the termination of her employment.  Instead, in violation of her contractual, fiduciary, and

ethical obligations as a lawyer, Koeck surreptitiously copied or removed from her GE computer and files dozens, and potentially hundreds, of privileged and/or confidential documents.

5.   In further violation of her contractual, fiduciary, and ethical obligations to GE, Koeck has voluntarily disclosed privileged and/or confidential information to attorneys from at least three law firms.

6.   Koeck has also voluntarily disclosed privileged and/or confidential information to two agencies of the U.S. government in pursuit of monetary claims against GE.  Koeck did so in circumstances where such disclosure was unnecessary, and she did not engage in any protective measures to protect such information from further disclosure.

7.   Koeck also disclosed privileged and/or confidential information and documents to a reporter (or to a third person who provided the information and documents to the reporter) in the hopes of injuring the reputation of, and embarrassing her former client.

8.   Recently, Koeck, through her counsel, admitted that she has retained GE's privileged and/or confidential information but has ignored repeated demands that she return such information.

9.   Koeck has refused to identify the documents and information that she has retained, has refused to certify that she has not disclosed any of GE's privileged and/or confidential documents to anyone other than her attorneys, and most recently, has claimed that she is entitled to make additional disclosures of GE's confidential manner without restriction.

10.   GE has filed this action only after all extrajudicial efforts to obtain the documents from Koeck were exhausted.  This action is the only recourse that GE has to protect its attorney-client privilege and/or confidential information and documents, obtain the return of those

documents, and ensure that Koeck honors her contractual and fiduciary obligations to GE, as well as her duty, as GE's former counsel, to maintain its confidences and secrets.

## JURISDICTION AND VENUE

11.   This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), as the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000, exclusive of interest and costs.

12.   This Court has personal jurisdiction over Koeck in this case because Koeck resides in, and can be served in this District.

13.   Venue is proper pursuant to 28 U.S.C. § 1391 because Koeck resides in this District and a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

### The Parties

14.   GE is a New York corporation with its principal place of business outside the District.

15.   Koeck is a natural person who, upon information and belief, resides within this District.  She was employed as Commercial Counsel for GE and worked out of GE's offices in Kentucky.  She is an active member of the District of Columbia Bar.

### GE Hires Koeck as In-House Counsel

16.   Koeck was hired as Commercial Counsel for one of GE's businesses in January 2006.  In this role, Koeck had primary responsibility for regions outside of the United States.

17.   As Commercial Counsel, Koeck reported directly to the business' General Counsel. Koeck had three direct reports, each of whom was resident outside of the United States.

18.     Koeck's position as Commercial Counsel gave her access to a significant amount of privileged, confidential, and proprietary information belonging to GE.

## Koeck Executes a Confidentiality Agreement

19.     During the course of her employment, Koeck agreed to protect and refrain from disclosing or misusing GE's proprietary and confidential information.

20.     On January 3, 2006, as a condition of her employment with GE, Koeck executed an Employer Innovation and Proprietary Information Agreement ("Confidentiality Agreement") wherein she specifically agreed:  (i) upon GE's request, or upon termination of her employment, to promptly deliver to GE all items belonging to GE, including all documents and other material of a secret or confidential nature relating to GE's business; and (ii) not to use, publish or disclose to third parties any secret or confidential information relating to GE, either during or subsequent to her employment.

21.     The Confidentiality Agreement broadly defines "secret" and "confidential" information to include any information that is not generally known to the public.

## Koeck Is Terminated for Performance Reasons

22.     GE reluctantly decided to terminate Koeck's employment for performance reasons after she was employed for approximately a year.  Although Koeck had never complained about discrimination or retaliation during her employment, at the start of her termination meeting on November 29, 2006, Koeck handed the Human Resources Manager a copy of a complaint she had filed through GE channels moments earlier.

23.     Koeck's complaint alleged that her job was being threatened because she participated in and reported past alleged illegal activity that she claimed had occurred prior to the

start of her employment.  Koeck also claimed that she was being discriminated against based on her ethnicity.

24.   Because GE takes all such complaints seriously, the implementation of the termination decision was put on hold pending an investigation of Koeck's allegations that the decision had been influenced by an unlawful motive.   After spending more than a month diligently investigating Koeck's allegations, GE found no evidence to substantiate Koeck's allegations that the termination decision was motivated by retaliation for any alleged protected activity or because of her ethnicity.

25.   Koeck was, therefore, terminated effective January 2007.

### Koeck Wrongfully Retains and Discloses
### Privileged and/or Confidential Information

26.   Shortly after Koeck's termination, GE counsel sent a letter to Koeck reminding Koeck of her obligation to maintain in the strictest confidence all privileged and/or confidential information with which she had been entrusted during her employment.

27.   During the spring and summer of 2007, Koeck filed complaints with two agencies of the U.S. government seeking monetary recovery against GE for purported retaliation and discrimination.  Although Koeck had no need to divulge privileged and confidential information in her administrative complaints, she did so, and further failed to take any protective measures to safeguard GE's confidences.

28.   On December 14, 2007, after Koeck changed attorneys for the second time, her new attorney stated to counsel for GE that she had "marching orders" go to the press and/or report GE's allegedly fraudulent activities if GE would not mediate the two complaints, within the following week, that Koeck had filed with the governmental agencies.  GE declined to cede to the demands of Koeck's attorney.

29.   Not long after, a news reporter in fact contacted GE inquiring into the very activities that were the subject of Koeck's allegations.  The reporter advised GE that a "source" had given him hundreds of pages of confidential Company documents, including documents that he identified as being attorney-client privileged.  The reporter stated that he was writing an article on these issues and wanted GE to respond.

30.   Shortly after this conversation, the reporter sent a follow-up e-mail specifically identifying certain GE documents that he received from his "source."  These included documents circulated among GE counsel plainly marked "Privileged and Confidential," "Strictly Confidential," or "PRIVILEGED & CONFIDENTIAL.  ATTORNEY WORK PRODUCT. ATTORNEY CLIENT PRIVILEGED COMMUNICATION – DO NOT REPRODUCE OR DISTRIBUTE WITHOUT APPROVAL OF COUNSEL."  All were documents that Koeck is known to have authored or received, or to which she had access, during her employment with GE.

31.   While the reporter would not reveal his source's name, the circumstances leave little room for doubt that Koeck is the source.  For example, the issues the reporter raised in his conversation with GE are the very same issues Koeck raised in her internal complaint, one of her governmental agency complaints, and a Declaration she filed in support of a motion that she filed with a governmental agency.

32.   Significantly, almost all of the documents that the reporter identified as having received from his source are documents that Koeck is known to have authored, received, or had access to during her employment with GE.

33.   Moreover, it is clear that Koeck retained some of the documents referenced by the reporter, as the level of detail contained in Koeck's governmental agency complaint and her

Declaration would be difficult to commit to memory without the aid of the documents themselves.

34.    A recent forensic analysis revealed that one of the documents referenced by the reporter was downloaded to an external device attached to Koeck's GE computer.   An examination of Koeck's GE e-mail files also showed that Koeck e-mailed a number of documents referenced by the reporter to her personal e-mail account.

**Koeck Refuses to Return Privileged and/or Confidential Information**

35.    Soon after being contacted by the reporter, counsel for GE sent a letter communicating GE's belief that Koeck wrongfully disclosed privileged information to an outside party.

36.    In her letter, counsel for GE reiterated GE's demand that Koeck immediately return any and all documents, whether in hard copy or electronic form, that she may have retained after she left her employment as an attorney.   In so doing, counsel for GE referenced Koeck's Confidentiality Agreement, which obligated her to return all documents relating to her employment on the date of termination, and the D.C. Rules of Professional Conduct, which compel Koeck, as well as her counsel, to return materials Koeck retained as a result of her representation of GE.   Counsel for GE also demanded that Koeck refrain from any further disclosures of confidential GE information.

37.    Koeck's counsel responded to counsel for GE's letter, baldly stating that Koeck and her attorneys are not obligated to return documents Koeck obtained during the course of her employment as counsel for GE.   Koeck's letter nowhere denied that Koeck had retained and disclosed privileged and/or confidential documents belonging to GE.

38.    Counsel for GE and Koeck's counsel continued to exchange correspondence on this issue, through which counsel for GE repeatedly requested that Koeck return any and all materials she had taken from GE and refrain from making any further improper disclosures.  Ultimately, Koeck refused to return any documents she retained from her employment at GE; refused to advise GE of the specific information she has retained; refused to certify that she had disclosed GE's confidential information to no one but her own attorneys; and claimed that she had an unfettered right to disclose GE's confidences as she deemed fit.

39.    Counsel for GE thereafter requested Koeck's agreement to a 21-day standstill period, during which she and her attorneys would refrain from further disclosing any privileged or confidential information to any party or tribunal, in order to give the parties additional time to attempt an amicable resolution of their disputes with respect to these documents.  Koeck and her counsel, however, refused to agree to a 21-day standstill period and within days made further unauthorized disclosures to a governmental agency.

40.    To date, Koeck has failed to honor her contractual, ethical, and legal obligations, and continues to retain – and to threaten to disclose – GE's privileged and/or confidential information without authorization or legal justification.

## COUNT I
## (Breach of Contract)

41.    GE repeats and realleges the foregoing paragraphs as if fully set forth herein.

42.    As described above, Koeck was contractually bound to the terms of the Confidentiality Agreement.

43.    Koeck breached her contractual obligations by (a) refusing to return GE's privileged and/or confidential information upon her termination and upon GE's repeated

requests; and (b) disclosing GE's protected information to third parties without GE's authorization.

44.   As a direct result of Koeck's breach of contract, GE has suffered irreparable harm and will continue to suffer irreparable harm, which cannot be redressed at law, unless Koeck is enjoined from engaging in any such further conduct.

45.   Furthermore, as a result of Koeck's breach of contract, GE has been damaged in an amount to be proven at trial, but believed to be in excess of $100,000.  These damages also include recovery for GE's pre-litigation attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her obligations under the Confidentiality Agreement.

**COUNT II**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

46.   GE repeats and realleges the foregoing paragraphs as if fully set forth herein.

47.   Koeck's Confidentiality Agreement contains an implied covenant of good faith and fair dealing that imposes upon her a duty to act in a *bona fide* or good faith manner.

48.   Koeck acted in bad faith by wrongfully retaining and disclosing GE's privileged and/or confidential information, thereby depriving GE of the benefit of the bargain originally intended by the parties when they executed the Confidentiality Agreement.  Koeck again acted in bad faith by refusing to identify the documents she has retained, or what use she has made of them.

49.   As a direct result of Koeck's breach of the implied covenant of good faith and fair dealing, GE has suffered irreparable harm and will continue to suffer irreparable harm, which cannot be redressed at law, unless Koeck is enjoined from engaging in any such further conduct.

50.   Furthermore, as a result of Koeck's breach of the implied covenant of good faith and fair dealing, GE has been damaged in an amount to be proven at trial, but believed to be in

excess of $100,000.  These damages also include recovery for GE's pre-litigation attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her obligations under the Confidentiality Agreement.

### COUNT III
### (Breach of Fiduciary Duty)

51.    GE repeats and realleges the foregoing paragraphs as if fully set forth herein.

52.    As described above, in performing her duties for GE, Koeck had knowledge of, and access to, GE's privileged, confidential, and proprietary information.

53.    As GE's in-house counsel, Koeck owed GE a fiduciary duty to exercise in all her relationships with GE the most scrupulous honor, good faith, and fidelity to GE's interest.

54.    This fiduciary duty includes the obligation to honor her ethical responsibilities and to preserve GE's confidences and not to use, exploit, or divulge GE's privileged and/or confidential information.

55.    Koeck has retained GE's privileged and/or confidential information without authorization and has revealed GE's confidences and secrets.  In so doing, Koeck has breached her fiduciary duty to GE.

56.    As a direct result of Koeck's breach of fiduciary duty, GE has suffered irreparable harm and will continue to suffer irreparable harm, which cannot be redressed at law, unless Koeck is enjoined from engaging in any such further conduct.

57.    Furthermore, as a result of Koeck's breach of fiduciary duty, GE has been damaged in an amount to be proven at trial, but believed to be in excess of $100,000.  These damages also include recovery for GE's pre-litigation attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her obligations under the Confidentiality Agreement.

## COUNT IV
### (Misappropriation of Trade Secrets – Kentucky Uniform Trade Secrets Act)

58.     GE repeats and realleges the foregoing paragraphs as if fully set forth herein.

59.     GE's protected information has independent economic value.

60.     At all relevant times, GE has taken reasonable and necessary measures to safeguard the secrecy and confidentiality of its protected information by, among other things, requiring employees to execute and adhere to agreements that specifically require them to keep such information confidential; restricting employee access to such information on a need-to-know basis; monitoring the conduct of employees with access to such information; and enforcing its rights when employees, like Koeck, attempt to violate their obligations.

61.     Koeck received and was given access to GE's protected information solely by virtue of her position as GE's in-house counsel, and such information is not otherwise readily ascertainable by proper means.

62.     Koeck is under contractual, common law, and ethical duties to keep GE's protected information confidential, and not to use, exploit, or divulge such information other than for GE's benefit.

63.     By engaging in the conduct described throughout this Complaint, Koeck has misappropriated GE's trade secrets and confidential information, without the consent of GE, to the detriment of GE, and for her own personal advantage, without regard to GE's rights, and without compensation, permission or license, in violation of the Kentucky Uniform Trade Secrets Act.

64.     Koeck has refused to return GE's protected information.

65.     The misappropriation of GE's protected information by Koeck constitutes willful and malicious misappropriation.

66.   Koeck's conduct has caused and, unless restrained, will continue to cause GE severe, immediate, and irreparable injury, for which GE has no adequate remedy at law.

67.   Furthermore, as a result of Koeck's misconduct, GE has been damaged in an amount to be proven at trial, but believed to be in excess of $100,000.  These damages also include recovery for GE's pre-litigation attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her obligations under the Confidentiality Agreement.

68.   GE also seeks recovery of its attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her legal obligations to GE.

## COUNT V
## (Conversion)

69.   GE repeats and realleges the foregoing paragraphs as if fully set forth herein.

70.   GE owned the privileged and/or confidential information and documents referenced above and had the possession of and/or the right to possess such information and documents at the time Koeck wrongfully misappropriated them.

71.   As described above, Koeck has exercised dominion over GE's privileged and/or confidential information and documents in a manner which denied GE's exclusive right to use that information and those documents.

72.   Koeck took and retained GE's privileged and/or confidential information documents for her own use and benefit, intending to interfere with GE's possession of its information and documents.

73.   Koeck has refused GE's repeated demands that she return the privileged and/or confidential documents she took from GE.

74.   GE has suffered irreparable harm and will continue to suffer irreparable harm, which cannot be redressed at law, unless Koeck is enjoined from engaging in any such further conduct.

75.   Furthermore, as a result of Koeck's misconduct, GE has been damaged in an amount to be proven at trial, but believed to be in excess of $100,000.  These damages also include recovery for GE's pre-litigation attorneys' fees and costs incurred in seeking to obtain Koeck's compliance with her obligations under the Confidentiality Agreement.

### PRAYER FOR RELIEF

WHEREFORE, GE prays for the following relief:

A.  a preliminary and permanent injunction restraining and enjoining Koeck  from further disclosing any privileged and/or confidential material that she misappropriated from GE;

B.  a preliminary and permanent injunction compelling Koeck to return to GE all GE property and all privileged and/or confidential material in her possession and/or her attorneys' possession;

C.  compensatory damages in an amount to be proven at trial, but believed to be in excess of $100,000, GE's costs, attorneys' fees, expenses, and prejudgment interest; and

D.  such other and further relief as may be just and proper.

Respectfully submitted,

*Of Counsel:*

_____/s/_____

MORGAN, LEWIS & BOCKIUS LLP

Charles B. Wayne
Virginia Bar No. 24954
Elisha A. King
Attorneys for General Electric Company
DLA PIPER US LLP
500 8th Street, N.W.
Washington, D.C.  20004
(202) 799-4000
(202) 799-5000 (fax)
charles.wayne@dlapiper.com

Barbara Van Gelder
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 739-5256
(202) 739-3001 (fax)

Sarah E. Bouchard
Anne E. Martinez
1701 Market Street
Philadelphia, PA  19103
(215) 963-5077/5718
(215) 963-5001 (fax)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of July, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

> Robert B. Nealon
> Michael T. Pritchard
> Jay I. Igiel
> Nealon & Associates, PC
> 119 N. Henry Street
> Alexandria, VA  22314

I also hereby certify that the foregoing was served by electronic mail on the following non-users:

> Lynne Bernabei
> David Wachtel
> Emily Brittain Read
> Bernabei & Wachtel, PLLC
> 1775 T Street N.W.
> Washington, D.C.  20009

> _____/s/_____
> Charles B. Wayne
> Virginia Bar No. 24954
> Elisha A. King
> Attorneys for General Electric Company
> DLA PIPER US LLP
> 500 8th Street, N.W.
> Washington, D.C.  20004
> (202) 799-4000
> (202) 799-5000 (fax)
> charles.wayne@dlapiper.com