UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08-591--TSE/JFA |
| v. ) | |
| ) | |
| ADRIANA KOECK, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S NON-CONFIDENTIAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SEAL PORTIONS OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff General Electric Company ("GE") submits this non-confidential memorandum

in support of its Motion to Seal pursuant to Local Civil Rule 5.

I. **INTRODUCTION**

On June 6, 2008, GE filed a complaint against defendant Adriana Koeck ("Ms. Koeck"),

its former employee and in-house lawyer, for her improper retention and disclosure of GE's

privileged and confidential information in violation of her contractual, fiduciary, and ethical

obligations. The Complaint was filed along with, *inter alia*, a Motion to Seal and supporting

memoranda.[1]

At the July 3, 2008 Motion Hearing Magistrate Judge Anderson entered an Order denying

in part and granting in part GE's Motion to Seal, and establishing a sealing procedure to be

followed by each party. As noted in both the Order dated July 3, 2008 and the transcript of the

Motion Hearing, the parties are required, two business days after they receive a pleading, to file a

---

[1]   On July 14, 2008 GE filed an Amended Complaint to comply with Fed. R. Civ. P. 10(a).

Notice with the Court indicating whether they believe that the pleading contains information that requires the pleading, or any portion thereof, to be filed under seal.  If a party provides the requisite Notice, it has three business days from the filing of the Notice to file a Motion and Memorandum, stating the reasons why all or part of the pleading should remain under seal.  On July 10, 2008, Judge Ellis entered an Order: (1) requiring the parties in this matter to adhere to the sealing procedure established by Order of Magistrate Judge John F. Anderson dated July 3, 2008, and (2) requiring that all privileged, proprietary or work product documents or information be sealed.

On October 28, 2008, GE filed a Motion for Summary Judgment, to which Ms. Koeck responded on November 12, 2008 by filing the following documents:  (1) a Memorandum of Law Opposing Plaintiff's Motion for Summary Judgment, with exhibits; and (2) Opposition to Plaintiff's Statement of Undisputed Facts and Statement of Material Facts (collectively, "Opposition to Plaintiff's Motion for Summary Judgment").  On November 14, 2008, pursuant to the sealing procedure established by Magistrate Judge Anderson, GE filed a Notice Regarding Sealing indicating that it intended to file a motion to seal portions of Ms. Koeck's Opposition to Plaintiff's Motion for Summary Judgment.  For the reasons set forth below, a sealing order is necessary to protect the pervasive privileged, confidential, and secret information contained in Ms. Koeck's Opposition to Plaintiff's Motion for Summary Judgment.

## II.   STATEMENT OF FACTS

GE incorporates by reference herein the factual background contained in its previous filings, and, in particular, refers the Court to the Statement of Facts set forth in its Memorandum in Support of Motion for Preliminary Injunction.

III.   <u>ARGUMENT</u>[2]

    A.   **Portions of Defendant's Opposition to GE's Motion for Summary Judgment Should Be Sealed Because They Implicate GE's Attorney-Client Confidences and Secrets, Proprietary Business Information, and Trade Secrets**

The following portions of Ms. Koeck's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and Opposition to Plaintiff's Statement of Undisputed Facts and Statement of Material Facts should be sealed because they implicate GE's attorney-client communications, confidences and secrets that Ms. Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:[3]

    1.   **Ms. Koeck's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment**

- Page 2, first paragraph, lines 5-6 ("it was only after the reporter…" through "owed.")

- Page 7, lines 1-4 ("Lighting's..." through "evidence of fraud")

- Page 7, first full paragraph (Likewise," through "government.")

- Page 8, first paragraph, last sentence ("Exhibit 4…at 1067.")

- Page 9, first bullet point

- Page 9, sixth bullet point

- Page 9, eighth bullet point

---

[2]    GE incorporates by reference herein its arguments set forth in its Motion to Seal Portions of Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction and its Motion to Seal Portions of Defendant's Answer and Counterclaim.

[3]    As noted in prior briefings, D.C. Bar Rule 1.6, to which Ms. Koeck is bound by virtue of being an active member of the District of Columbia Bar, describes the ethical obligations of an attorney to retain client confidences and secrets during and after retention.  "Confidence" refers to information protected by the attorney-client privilege under applicable law, yet "secret" is broader and refers to other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client.  D.C. Bar Rule 1.6(b).

- Page 11, first paragraph under heading c., line 4 ("GE's…fraud")

- Page 12, first full paragraph, lines 7-16 ("collecting…" through "report this fraud")

- Page 13, first full paragraph ("Ms. Koeck's potential liability…" through "authorities of the fraud.")

- Page 13, second paragraph, lines 1-2 ("Ms. Koeck … scheme")

- Page 13, footnote 5, lines 4-5

- Page 14, second paragraph, lines 2-5 ("Ms. Koeck was directly…" through "cover up the fraud.")

- Page 15, first full paragraph, line 4 ("Ms. Koeck and other GE officials … made by GE")

- Page 21, first full paragraph ("The affidavits…" through "movement matters.")

- Page 21, second full paragraph, line 6

- Page 22, lines 1-2 ("On the advice…" through "government authorities.")

- Page 22, footnote 8

- Page 23, first full paragraph ("Not until…" through "in doing so.")

- Page 23, second full paragraph ("Ms. Koeck was directly…" through "disclosing the fraud.")

- Page 24, first full paragraph, lines 6-7

- Page 24, last paragraph, through top of page 25 ("Rather, Ms. Koeck…" through D.C. Rules.")

- Page 25, first full paragraph ("Ms. Koeck reasonably believed…" through "disclosures.")

- Page 25, second full paragraph

- Page 25, footnote 9

2. **Ms. Koeck's Opposition to Plaintiff's Statement of Undisputed Facts and Statement of Material Facts**

    a. **Opposition to Plaintiff's Statement of Undisputed Facts**

- Page 4, paragraph 10

- Page 5, response to paragraph 10 ("only after … alleged illegal activity")

- Page 6, response to paragraph 14 ("regarding the … spearheading for GE")

- Page 9, paragraph 20

- Pages 9-10, response to paragraph 20 ("subject to … confidentiality" and "never provided …Federal")

- Page 10, response to paragraph 21

- Pages 10-11, paragraph 22

- Pages 11-12, response to paragraph 22

- Page 12, paragraphs 23 and 24

- Page 12, paragraph 25

- Pages 12-13, response to paragraph 25

- Page 13, paragraph 26 (entire paragraph with document list)

- Pages 13-14, paragraph 28

- Page 14, response to paragraph 28

- Pages 14-15, paragraph 29

- Page 16, response to paragraph 31 ("subject to … confidentiality")

- Page 17, response to paragraph 33 ("subject to … confidentiality")

b.      **Defendant's Statement of Material Facts**

- Paragraphs 3-19; 24-30; 34 (lines 2-3); 35 (lines 4-6); 37; 41; 42 ("Mr. Burse's … America"); 46; 49; 52-64

3.      **Ms. Koeck's Exhibits to the Memorandum of Law**

a.      **Exhibit 1, November 12, 2008 Declaration of Defendant Adriana Koeck**

The following portions of Ms. Koeck's November 12, 2008 Declaration should be sealed because they also implicate GE's attorney-client communications, confidences and secrets that Ms. Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:

- Paragraphs 15-33; 34; 39; 40-45; 48 ("Because GE … fraud"); 49; 52; 58 ("to discuss … America"); 66; 70; 73-79; 81-83; 85; 87

Moreover, a number of these paragraphs also disclose GE's trade secrets and confidential proprietary information regarding its business practices, and outside counsel legal opinions.  GE made reasonable efforts to protect this information by requiring employees, including Ms. Koeck, to execute confidentiality agreements, and by expressly designating certain documents as "Privileged and Confidential," "Strictly Confidential," "Attorney Work Product," and/or "Attorney Client Privileged Communication."  These documents were not widely circulated with GE, were only viewed by those that had an absolutely necessity to see them, and, thus, are not readily ascertainable to outsiders by proper means.   Consequently, the paragraphs of Ms. Koeck's Declaration that reference such privileged and confidential information should be sealed.

b.      **Exhibit 2, Affidavit of George Robert Blakey**

The following portions of  the Affidavit of George Robert Blakey should be sealed because they implicate GE's attorney-client communications, confidences and secrets that Ms.

Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:

- Paragraphs 11; 13; 17-20; 22-27

### c.      Exhibit 3, Declaration of Bruce Zagaris

The following portions of the Declaration of Bruce Zagaris should be sealed because they repeatedly reference and disclose the substance of GE's attorney-client communications, confidences, and secrets concerning GE's business practices and confidential information that Ms. Koeck learned as counsel to GE:

- Page 5, paragraphs 33-34

- Page 5, heading A.; paragraphs 35-37

- Page 6, paragraph 38

- Pages 7-8, paragraphs 50-53

- Pages 8-9, paragraphs 54-59; 59(a)-(d); 60

- Page 9, heading B.

- Page 10, heading 1.

- Pages 10-11, paragraphs 65; 67; 69-70

- Page 12, paragraph 76

- Page 12, heading 2.

- Page 12, paragraph 77, last sentence ("Specifically, … liabilities");

- Page 12, paragraph 78 ("Because of…" through "criminal charge under § 1349.")

- Page 12, paragraph 79 ("Ms. Koeck and other GE officials … made by GE")

- Pages 12-13, paragraph 80

- Page 13, paragraph 81 ("she had acquired…" through "required by Brazilian law.")

- Page 16, paragraph 101, last sentence ("Indeed, the … SOX.")

- Page 17, paragraph 105 ("when GE … facilities")

- Page 17, paragraph 107

- Page 18, paragraphs 109-115

In addition, a number of these paragraphs disclose GE's trade secrets and confidential proprietary information regarding its business practices.  GE made reasonable efforts to protect this information by, for example, requiring its employees, including Ms. Koeck, to execute confidentiality agreements.  Moreover, such information was not widely circulated within GE, was only viewed by or shared with those who had an absolutely necessity to see or know it, and, thus, is not readily ascertainable to outsiders by proper means.  The only reason Mr. Zagaris was able to include such information in his Declaration is because Ms. Koeck disclosed it to him.  Indeed, Mr. Zagaris acknowledges in paragraph 33 of his Declaration that he reviewed hundreds of pages of confidential GE documents and communications among GE counsel and personnel, including the confidential opinions of a law firm provided to GE.  Consequently, the paragraphs of Mr. Zagaris' Declaration that reference such confidential information should be sealed.

### d.     Exhibit 4, Article

Exhibit 4 to Ms. Koeck's Memorandum should be sealed because it emanates from Ms. Koeck's improper disclosures that are at the very heart of this lawsuit.  As stated in previous briefings, this article is based upon and references privileged and confidential GE documents supplied by Ms. Koeck, including privileged opinion letters and e-mail exchanges among GE's internal lawyers, including Ms. Koeck, regarding legal claims and proceedings and summarizing advice received from outside counsel.  If Ms. Koeck's reference to and quotations from this

article are not sealed, it will only result in further public disclosure of GE's privileged and confidential information.  Ms. Koeck should not be allowed to use this lawsuit to disseminate – to the general public – GE's privileged and confidential information.  Consequently, the article should be sealed in its entirety.

        **e.**        **Exhibit 5, Barbosa, Mussnich & Aragao Legal Opinion**

Exhibit 5 to Ms. Koeck's Memorandum of Law should be sealed in its entirety, as it is an opinion letter that GE received from an outside law firm and, moreover, is clearly marked "Strictly Confidential."

        **f.**        **Exhibit 7, Declaration of Edward D. Chapin**

The following portions of Exhibit 7, Declaration of Edward D. Chapin, should be sealed because they implicate GE's attorney-client communications, confidences and secrets that Ms. Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:

- Paragraphs 6-10; 13; 16

        **g.**        **Exhibit 8, Declaration of Complainant Adriana Koeck Filed
with U.S. Department of Labor**

The following portions of Exhibit 8, Declaration of Complainant Adriana Koeck, should be sealed because they reference and disclose, in great detail, the substance of GE's attorney-client confidences and secrets that Ms. Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:

- Paragraphs 15-29; 31-32; 34; 36; 50; 52; 72; 78; 80

Moreover, a number of these paragraphs also disclose GE's trade secrets and confidential proprietary information regarding its business practices, and outside counsel legal opinions.  GE made reasonable efforts to protect this information by requiring employees, including Ms.

Koeck, to execute confidentiality agreements, and by expressly designating certain documents as "confidential" and/or "privileged."  Moreover, these documents were not widely circulated with GE, were only viewed by those that had an absolutely necessity to see them, and, thus, are not readily ascertainable to outsiders by proper means.  Consequently, the paragraphs of Ms. Koeck's Declaration that reference such privileged and confidential information should be sealed.

> **h.     Exhibit 9, Declaration of Defendant Adriana Koeck Dated July 9, 2008**

The following portions of Exhibit 9, Declaration of Complainant Adriana Koeck dated July 9, 2008, also should be sealed because, again, they reference and disclose, in great detail, the substance of GE's attorney-client confidences and secrets that Ms. Koeck learned of and/or was privy to solely by virtue of her employment as GE's in-house counsel:

- Paragraphs 15-31; 34-36; 39 ("At the end of August … fraud"); 43; 45; 54; 56; 69; 83-84; 86; 91; 93; 95; 98-100; 102-104; 106-107.

As before, a number of these paragraphs also disclose GE's trade secrets and confidential proprietary information regarding its business practices, and outside counsel legal opinions, information that GE made reasonable efforts to protect by requiring employees by requiring employees, including Ms. Koeck, to execute confidentiality agreements, designating certain documents as confidential, and limiting circulation of and access to such documents.  These privileged and confidential documents are not readily ascertainable to outsiders by proper means.  Consequently, the paragraphs of Ms. Koeck's Declaration that reference such privileged and confidential information should be sealed.

> **i.      Exhibit 10, Declaration of Defendant Adriana Koeck Dated July 24, 2008**

Exhibit 10, Declaration of Defendant Adriana Koeck dated July 24, 2008, is an amended version of the Declaration of Defendant Adriana Koeck dated July 9, 2008, and, thus, the following portions should be sealed for the same reasons set forth above:

- Paragraphs 15-31; 34-36; 37 ("At the end of August … fraud"); 43; 45; 54; 56; 69; 76-77; 83-84; 86; 91; 94; 96; 99-101; 104; 106-107.

**B.      The *Aschraft* Factors Are Satisfied, and the Court Should Grant the Motion to Seal**

As stated in prior briefing, this Court has broad discretion over its records, and may seal documents if it (1) "provide[s] public notice of the request to seal and a reasonable opportunity for interest parties to object; (2) consider[s] less drastic alternatives to sealing the documents; and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Aschraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)

Each of these factors is satisfied.  First, the requirement of public notice has been satisfied by GE's filing on the public record its Motion to Seal.  *See May v. Medtronic Inc.*, 2006 WL 132875, at *1 (D.S.C. May 15, 2006) (applying *Aschraft*).  Indeed, no party has come forward with _any_ interest in the litigation, even though the public has been notified of this action since June 23, 2008, through GE's Non-Confidential Memorandum in Support of its Motion to Seal and Proceed Under the Use of Pseudonyms, and despite the fact that docket entries are reviewed by reporters and other interested parties on a daily basis.  Second, GE requests only that specific _portions_ of Ms. Koeck's Opposition to Plaintiff's Motion for Summary Judgment be sealed.  Under these circumstances, there are no less drastic alternatives to sealing.

Finally, and most importantly, the public's interest in the preservation of privileged and confidential information compels a sealing order. *See, e.g.*, *In re Agent Orange Product Liability Litigation*, 98 F.R.D. 532, 545 (E.D.N.Y. 1983), and cases cited therein (stating that, where a motion to seal encompasses documents governed by the attorney work product privilege or the contents of communications subject to the attorney-client privilege, the public interest in protecting those privileges takes precedence over the interest to inspect and copy court records); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 462 (10th Cir. 1980) (same). *See also Woven Electronics Corp. v. Advance Group, Inc.*, 930 F.2d 913, 1991 WL 54118, at *7 (4th Cir. May 6, 1991) (unpublished) (citing *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986); *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983); *Brown & Williamson Tobacco Co. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)) (recognizing an exception to the public's right of access to judicial records and documents when a case involves trade secrets.); *May v. Mectronic, Inc.*, 2006 WL 132875, at *1 (D.S.C. May 15, 2006) (finding that Medtronic's interest in non-disclosure of its confidential and proprietary information outweighed public's right to access such information, as disclosure of such information would damage Medtronic's business). [4]

## C.    GE's Motion to Seal Should Be Granted to Prevent Ms. Koeck from Using the Record for Improper Purposes

Courts have made clear that public access to court filings should be "blunted" where there is a prospect that the court's files could "'become a vehicle for improper purposes.'"

---

[4]    As GE previously stated in its Confidential Supplemental Memorandum in Support of Motion to Seal, despite Ms. Koeck's disclosures and attempted disclosure of GE's protected information, there has been no waiver of the protections afforded to that information, including either as attorney-client privileged information or as trade secret information, because GE has vigorously defended its right to maintain the privileged and confidential nature of this information, and has taken every reasonable measure to prevent additional disclosures. Consequently, the privileged and confidential status of GE's protected information remains intact, and sealing is appropriate to further protect that status and prevent additional disclosure.

*F.T.C.*, 830 F.2d at 410 (quoting *Nixon v. Warner Commc' ns, Inc.,* 435 U.S. 589, 598 (1978)).

In *Nixon,* the Supreme Court stated that:

> [T]he common law right of inspection has bowed before the power of a court to insure that its records are not used to gratify the private spite or promote public scandal [and that] courts have refused to permit their files to serve as the reservoirs of libelous statements for press consumption or as sources of business information that might harm a competitor's standing.

435 U.S. at 598 (citations omitted).  "Where disclosure of documents would amount to use of the court process for 'gratification of private spite or public scandal,' the public interest in its right of access diminishes."  *In re "Agent Orange,"* 98 F.R.D. at 545 (quoting *Nixon,* 435 U.S. at 603). Sealing is therefore necessary to prevent Ms. Koeck from using public filings of protected information to create a public scandal and gain an unfair advantage in this litigation and other pending claims.

## IV.    CONCLUSION

For all the foregoing reasons, GE's Motion to Seal should be granted.

Respectfully submitted,

*Of Counsel*:                                              _____/s/_____

                                                          Charles B. Wayne
MORGAN, LEWIS & BOCKIUS LLP                               Virginia Bar No. 24954
                                                          Elisha A. King
Barbara Van Gelder                                        Attorneys for General Electric Company
1111 Pennsylvania Avenue, N.W.                            DLA PIPER LLP (US)
Washington, D.C.  20004                                   500 8th Street, N.W.
(202) 739-5256                                            Washington, D.C.  20004
(202) 739-3001 (fax)                                      (202) 799-4000
                                                          (202) 799-5000 (fax)
Sarah E. Bouchard                                         charles.wayne@dlapiper.com
Anne E. Martinez
1701 Market Street
Philadelphia, PA  19103
(215) 963-5077/5718
(215) 963-5001 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Grant E. Morris
Law Offices of Grant Morris
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C.  20009

Robert B. Nealon
Michael T. Pritchard
Jay I. Igiel
Nealon & Associates, P.C.
119 N. Henry Street
Alexandria, VA  22314

David W. Sanford
Stefanie F. Roemer
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C.  20009

_____/s/_____
Charles B. Wayne
Virginia Bar No. 24954
Elisha A. King
Attorneys for General Electric Company
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
(202) 799-4000
(202) 799-5000 (fax)
charles.wayne@dlapiper.com