UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08cv591 (TSE/JFA) |
| ) | |
| ADRIANA KOECK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO INTERVENE**

Bernabei & Wachtel, PLLC, a Washington, D.C. law firm ("Bernabei & Wachtel"), by counsel and pursuant to Federal Rule of Civil Procedure 24(a)(2), hereby files this motion to intervene in this action, and to request that this Court not dismiss the case and retain jurisdiction over this action until there has been an appropriate distribution of the attorney's fees portion of the settlement. As set forth below, Bernabei & Wachtel has a legal interest in any monetary settlement payments from the Plaintiff in this case, General Electric Company, to the Defendant in this case, Ms. Adriana Koeck, Esquire, and disposing of the action is likely to impair or impede its ability to protect its interests.

**I.    Factual and Procedural Background.**

1.    On November 27, 2007, Ms. Koeck signed a retainer agreement with Bernabei & Wachtel, under which the firm represented Ms. Koeck in connection with her Sarbanes-Oxley complaint, then pending with the United States Department of Labor against the Plaintiff, and with respect to counter-claims by General Electric Company.  See Retainer Agreement (Nov. 27, 2007) (attached and incorporated hereto as Exhibit A).  Paragraph 3 of the agreement provided

1

that Ms. Koeck would not have to pay attorney's fees unless and until the case was settled or resolved in her favor, that she would pay Bernabei & Wachtel's reasonable expenses incurred in connection with her case, and that she would pay to Bernabei & Wachtel first, the greater of either 40 percent (40%) of the amount of any recovery, or the hourly fees at market rates.

2.	Ms. Koeck, when previously represented by different counsel, had earlier filed a SOX complaint with the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) on April 23, 2007.

3.	Bernabei & Wachtel entered its appearance on Ms. Koeck's behalf before the U.S. Department of Labor, and filed a supplemental summary judgment motion, a reply, and opposition to GE's supplemental cross-motion for summary judgment.  On March 13, 2008, the Administrative Law Judge (ALJ) ruled against Ms. Koeck on the issue of timeliness, and dismissed her case.

4.	Bernabei & Wachtel appealed the ALJ's ruling to the U.S. Department of Labor Administrative Review Board (ARB) on May 9, 2008.  General Electric opposed the appeal, and Bernabei & Wachtel filed a rebuttal brief on July 8, 2008.

5.	General Electric, the Plaintiff, filed this lawsuit against Defendant, Adriana Koeck, on June 6, 2008.

6.	Together with the Alexandria, Virginia law firm of Nealon & Associates, Bernabei & Wachtel represented Ms. Koeck in this case from June 6, 2008 to August 9, 2008.

7.	During that time, Bernabei & Wachtel prepared approximately eleven (11) filings for Ms. Koeck (including an answer, motions, oppositions, and briefs) and made at least four court appearances on her behalf.

8. On July 16, 2008, Bernabei & Wachtel pled Ms. Koeck's Sarbanes-Oxley claim into this matter as a counterclaim.

9. Bernabei & Wachtel also represented Ms. Koeck with respect to a D.C. Bar complaint filed by the Plaintiff in this case, and prepared and filed Ms. Koeck's response to that complaint.

10. As of August 9, 2008, Bernabei & Wachtel had incurred $4,067.56 for expenses related to Ms. Koeck's case, which she had not paid then, and still has not paid. She had been billed for expenses on a regular, monthly basis pursuant to the retainer agreement.

11. After Bernabei & Wachtel, in preparation for settlement discussions, reminded Ms. Koeck about the attorneys' fees and costs on Saturday August 9, 2008, Defendant Koeck notified Ms. Bernabei in writing that she no longer wished to be represented by Bernabei & Wachtel, PLLC and that she had retained the Sanford, Wittels & Heisler law firm as her "Washington, D.C. counsel." Nealon & Associates continued in the case.

12. On August 12, 2008, Bernabei & Wachtel provided its notice of a statutory attorney's lien to all the parties in this case, and to the law firm of Sanford, Wittels & Heisler. See Letter from L. Bernabei to D. Sanford, *et al.* (Aug. 12, 2008) (attached and incorporated hereto as Exhibit B).

13. On November 18, 2008, the parties filed a joint motion in this Court stating that they had "reached an agreement on all outstanding claims in this action" and requesting the Court stay all proceedings in this matter for fourteen (14) days. See Motion to Stay (Doc. No. 136) (Nov. 18, 2008). This Court granted the motion. See Order (Doc. No. 142) (Nov. 19, 2008).

14. Defendant and her new counsel did not provide Bernabei & Wachtel with notice of the imminent settlement.

15. On November 25, 2008, current counsel for Defendant indicated that because settlement discussions were still ongoing concerning a related matter, settlement of this case had not yet been completed but that when it is completed, the attorney's fees portion of the settlement will be deposited into escrow. However, he did not explain whether or how the proceeds would be allocated between this case and the related matter.

## II.  LEGAL ARGUMENT.

Rule 24(a)(2) requires that the district court must allow intervention in order to protect a person or entity that has a cognizable interest in the underlying action:

> Intervention as of Right.  On timely motion, **the court must permit anyone to intervene who:**
> . . .
> (2) **claims an interest relating to the property or transaction that is the subject of the action**, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2), Fed. R. Civ. P. (emphasis added).

The Fourth Circuit has explained that a person or entity seeking to intervene pursuant to Rule 24 must demonstrate: "first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest." Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976); accord Cooper Tech. Co. v. Dudas, 247 F.R.D. 510, 514 (E.D. Va. 2007) (same).

This Court should allow Bernabei & Wachtel to intervene, because all three criteria for intervention pursuant to Rule 24 are satisfied. First, the firm's interest in the attorneys' fees is a legally cognizable interest that is sufficient to merit intervention. Courts in other jurisdictions

have held that an attorney or a law firm are entitled to intervene, pursuant to Rule 24, in order to protect their interests in the settlement of an action in which the attorney or law firm formerly represented a party, and has a right to recovery of unpaid attorneys' fees and expenses.  <u>See</u>, <u>e.g.</u>, <u>Venegas v. Skaggs</u>, 867 F.2d 527, 529-31 (9th Cir. 1989) (reversible error to deny intervention by former attorney for plaintiff in civil rights action), <u>aff'd on other grounds</u>, 495 U.S. 82 (1990); <u>Keith v. St. George Packing Co.</u>, 806 F.2d 525, 526 (5th Cir. 1986) (reversible error to deny motion to intervene by plaintiff's former attorney) (collecting cases); <u>Swann v. Dallas</u>, 172 F.R.D. 211, 214 (N.D. Tex. 1997) (former attorneys entitled to intervene as of right, since they "have a legally cognizable interest in the final judgment") (collecting cases); <u>Martens v. Hadley Memorial Hosp.</u>, 753 F. Supp. 371 (D.D.C. 1990) (former attorney had right to intervene to protect his interest, even after stipulation of dismissal was filed).  This Court should find that Bernabei & Wachtel's interests in the settlement of Ms. Koeck's claims against General Electric are sufficient to merit intervention.

   Further, Bernabei & Wachtel satisfies the second criterion for intervention, since its interest may be impaired if the parties are allowed to settle this action and distribute the settlement proceeds without regard to the interests of Bernabei & Wachtel.  This Court should maintain judicial oversight of this action to ensure that the interests of all parties, including the intervenor, are properly protected.  <u>See</u>, <u>e.g.</u>, <u>Swann</u>, 172 F.R.D. at 214 (attorney's interest impaired, since they "will have to institute another action to collect their fees from this lawsuit … this is sufficient to show the requisite impairment"); <u>Martens</u>, 753 F. Supp. at 372 (attorney's interest impaired by dismissal of action before resolution of attorney's charging lien).

   Finally, Bernabei & Wachtel also satisfies the third criterion for intervention, since the present litigants and their counsel do not adequately represent the proposed intervenor's

interests, as neither General Electric nor Ms. Koeck have any interest in providing for movant. Here, movant seeks intervention for a limited purpose, and solely to enforce its statutory and contractual rights, and movant's intervention will have no effect on the total amount to be paid by General Electric, since it will only effect the allocation of that amount. Similarly, movant's intervention will have no effect on the litigation of the claims and defenses in this action, since the parties have resolved their dispute.

### III.  CONCLUSION.

For the foregoing reasons, this Court should find that Bernabei & Wachtel have satisfied all three criteria for intervention pursuant to Rule 24, since disposing of this action before the proper payment of attorney's fees would materially impair Bernabei & Wachtel's ability to protect its interest. This Court should grant Bernabei & Wachtel's motion to intervene, allow it status as an interested party, and retain jurisdiction over this case until such time as attorney's fees have been disbursed to the law firms that have represented Ms. Koeck.

                              Respectfully submitted,

                              /s/
                              _____
                              Alan R. Kabat, Esquire
                              Virginia Bar No. 76898
                              Attorney for Bernabei & Wachtel, PLLC
                              Bernabei & Wachtel, PLLC
                              1775 T Street N.W.
                              Washington, D.C.  20009-7124
                              (202) 745-1942
                              (202) 745-2627 (fax)
                              kabat@bernabeipllc.com

DATED:  December 11, 2008

# RETAINER AGREEMENT

This Retainer Agreement is between Bernabei & Wachtel, PLLC ("the Firm") and Adriana Koeck-Fuenzalida ("the Client").

1. Pursuant to this agreement, the Firm will represent the Client with respect to all claims [*as well as any counter claims aris therefrom in connec therewit*] the Client holds against General Electric Company, General Electric Industrial, and other companies if it becomes apparent that they are engaged in wrongdoing ("the Defendant"). The Firm's representation of the Client is limited at this juncture to litigating this case for the Client, up to and including trial if necessary. The Firm has not agreed to file or defend an appeal on behalf of the Client. If the Firm subsequently agrees to file or defend an appeal on behalf of the Client, a new retainer agreement will be drafted and signed reflecting that fact.

2. The Client understands that the fee for professional services charged by the Firm to its clients is usually based on an hourly rate for services rendered, multiplied by the amount of time devoted by the Firm to a particular matter. The Firm's partners and associates regularly charge between $185 and $425 per hour to clients for whom the Firm performs services on an hourly fee basis. The Client represents to the Firm that the Client is unable to pay for representation in this matter on the Firm's regular hourly-rate basis and requests that the Firm handle this matter on a contingency fee basis, taking as its fee for professional services a percentage of any recovery and/or attorneys' fees, whichever is greater.

3. The Firm agrees to represent the Client on a contingency fee basis, and the Client will owe the Firm nothing except costs, as described in paragraph 5 below, in the event the Client recovers nothing in the above-referenced matter. In recognition of the risk involved in representing the Client and the lost business to the Firm, and in consideration of the Firm's legal services rendered, if the Client recovers moneys or property in this matter, whether by agreement, settlement, judgment, or otherwise, the Client agrees to pay to the Firm the Firm's choice of the following:

   A) a sum equal to 40% of the total recovery. Total recovery shall include monetary payments, payment of benefits, payment of attorneys' fees and costs, and the value of any non-monetary recovery; or

   B) any sum paid by the Defendant as attorneys' fees and/or costs. If the Client's matter is resolved with the Defendant by settlement, judgment, or otherwise, the Client specifically authorizes the Firm to seek to recover attorneys' fees from the Defendant at market rates.

4. The Client has the right to discharge the Firm. If the Client discharges the Firm, the Client will be responsible for payment of all reasonable attorneys' fees incurred prior to the discharge. Fees will be calculated based on an hourly rate basis – e.g., the number of hours incurred times the applicable market rate for each attorney. If the Client seeks new counsel, the Client agrees to show that attorney this Retainer Agreement, so that the attorney will be fully aware of the rights and obligations of the parties under this Retainer Agreement. In the event that

EXHIBIT A

a settlement is negotiated or a judgment is entered in which equitable remedies, such as reinstatement, promotion, training, or any similar non-monetary relief is accepted or granted in lieu of or in addition to a monetary settlement or award, the Client shall, at the Firm's election, compensate the Firm according to the Laffey rates for attorneys of comparable experience or appropriate market rates. Pursuant to the prevailing Laffey matrix, upon which attorneys' fees are awarded in the District of Columbia, market rates for June 2007 to May 2008 are as follows:

| Lynne Bernabei | $440 |
| David Wachtel | $390 |
| Alan Kabat | $315 |
| Emily Read | $255 |
| Sasha Sajovic | $215 |
| Tara Jensen | $215 |
| Other Associates, Law Clerks, and Paralegals | $115 - $290 |

The Client understands and expressly agrees that these rates increase by $5.00 to $15.00 each June.

5. In the event there is no recovery at any time, the Client will owe the Firm nothing further for attorneys' fees. However, the Client will be responsible for the payment of costs and expenses incurred on the Client's behalf even if there is no recovery in this matter. Costs and expenses include such items as long-distance telephone calls, photocopying, postage, telecopier/fax, on-line research, witness fees, expert fees, deposition recording, transcripts, travel expenses, and all other disbursements necessary to the Firm's performance of the legal representation. The Client understands and agrees that these incidental expenses shall be charged at the Firm's regular rate as established from time to time. For costs and expenses that are billed by an outside party (e.g., telephone charges, transcripts, etc.), the Firm will charge the Client for the actual expense billed by the outside party. The Firm will bill the Client for costs expended in the Client's case on a monthly basis, and the Client agrees to pay such costs on a monthly basis.

6. If a settlement, judgment, or other resolution of the Client's case includes payment by the Defendant or other party of costs expended by the Firm in representing the Client, the Firm will reimburse the Client for any amount the Client has previously paid the Firm for such covered costs.

7. If a settlement, judgment, or other resolution of the Client's case does not include payment of costs, however, the Client understands that the Client will remain responsible for those costs. The Client understands and expressly agrees that all costs for which the Client is responsible, as described in paragraph 5, shall be deducted from the Client's share of any settlement or judgment proceeds, and not from the total recovery, and will not diminish the Firm's share in any way.

8. The Client understands that part or all of any settlement award or judgment recovered from the Defendant may be subject to federal, state, or local income taxation. The Client

2

understands that the Firm does not practice tax law and cannot give tax advice to the Client about the taxation of a settlement award or judgment. The Client also understands that the Firm does not engage in financial analysis and cannot give advice to the Client about the financial or tax advantages or disadvantages of a structured settlement, annuity payment, or other form of structuring a payment. The Client understands that he or she should seek appropriate tax and financial guidance from an accountant or tax professional prior to accepting a settlement offer.

9. The Client expressly agrees that the Firm shall have a lien against, and shall be entitled to be paid for its services from, any sums that are recovered by or awarded to the Client in this matter by agreement, settlement, or judgment. The Client further agrees that, in the event the Firm terminates its representation of the Client or the Client discharges the Firm, or in the event that the Client fails to pay the Firm as set forth in this Agreement, the Firm may take all lawful steps to assert and enforce the lien it holds on any sum the Client recovers in this matter.

10. The Firm and its members agree to render legal services with best efforts and full exertion of professional skill. However, the Firm has made no promises concerning the results to be obtained in the Client's case or the total amount of the legal fees and costs to be incurred in representing the Client.

11. The Client understands and agrees that the Firm has the right to use its best judgment to determine the amount of time necessary to handle case issues, who is to perform the work, and the nature of the services to be performed for the Client. The case may involve the work effort of several firm attorneys and/or supervised paralegals or law clerks. The extent to which associate lawyers, paralegals or law clerks are utilized is to be determined by the Firm attorney primarily responsible for the case.

12. Billing statements will be sent to the Client monthly that contain the following notice:

> ALL STATEMENTS FOR SERVICES SENT TO THE CLIENT MUST BE CAREFULLY READ. IF THE CLIENT HAS ANY QUESTIONS, CONCERNS, OBJECTIONS OR CLAIMED ERRORS ABOUT THE BILLING STATEMENT, THE CLIENT MUST NOTIFY THE LAW FIRM, IN WRITING, WITHIN TWENTY (20) DAYS FROM THE RECEIPT OF THE STATEMENT. IF NO SUCH NOTICE IS RECEIVED, IT IS UNDERSTOOD THAT THE BILLING STATEMENT IS ACCEPTED AS CORRECT, ACCURATE AND FAIR.

By entering into this Retainer Agreement, the Client agrees to be bound by this obligation.

13. The Client understands and agrees that as a matter of sound and necessary business practice, and because of the economic realities of operating a small law firm, the Firm will not perform further legal services for the Client if the Client's account is more than sixty (60) days in arrears for the costs and expenses that the Client is required to pay under this Retainer Agreement, unless the Firm expressly agrees to a different payment arrangement.

3

14. The Firm may terminate its representation of the Client in this matter if in its judgment: (a) further proceedings would be frivolous, unreasonable or groundless, (b) important facts are significantly different from the facts as stated by the Client to the Firm, (c) if the Client does not compensate the Firm as set out in this Retainer Agreement in a timely manner, or (d) if the Client engages in actions that are contrary to the Firm's advice such that irreconcilable conflicts develop between the Firm and the Client. Withdrawal under such circumstances is either permitted or mandated by the Code of Professional Responsibility for the District of Columbia Bar. If withdrawal should ever become necessary, the Firm will immediately notify the Client of that fact in writing.

15. This Agreement may be terminated at any time by either party. If any fee dispute arises which can not be resolved between the Firm and the Client, the parties agree that all such disputes shall be submitted to binding arbitration before the District of Columbia Bar's Attorney-Client Arbitration Board ("ACAB"). Any such proceedings will be subject to and governed by the laws of the District of Columbia. The Client has the right to contact the ACAB to receive counseling and a copy of the ACAB's rules and is encouraged to do so prior to signing this agreement if the Client has questions about this provision. The Client agrees and acknowledges that, through the Client's signature below, the Client agrees to this arbitration provision.

16. The Client authorizes the Firm to destroy or discard the Client's files after five years unless the Client requests the return of those files in writing.

For the Firm: _[signature]_    Date: November 27, 2007
LYNNE BERNABEI

The Client: _[signature]_ Adriana Koeck -F    Date: Nov. 27, 2007
ADRIANA KOECK-FUENZALIDA

4

LAW OFFICES

# BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C. 20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT +
EMILY READ
BRIAN WOODARD ■

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

+ADMITTED IN MD ALSO
■ ADMITTED IN MD ONLY

By Electronic Mail and First Class Mail
August 12, 2008

Adriana Koeck, Esquire
7112 Norwalk Street
Falls Church, VA 22043-1507

Sarah Bouchard, Esquire
Morgan, Lewis & Bockius LLP
1702 Market Street
Philadelphia, PA 19103-2921

Barbara Van Gelder, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541

Charles Wayne, Esquire
DLA Piper US LLP
500 8th Street, NW
Washington, D.C. 20004-2131

    Re:    *General Electric Company v. Koeck*, C.A. No. 08-591 (E.D. Va.);
            *Koeck v. General Electric et al.*, ARB No. 08-068, ALJ No. 2007-SOX-073.

Dear Ms. Koeck and Counsel:

    I am writing, pursuant to Va. Stat. Ann. 54.1-3932, which requires notice to both the client and the opposing party, to advise you that Bernabei & Wachtel, PLLC has asserted a statutory attorney lien on any recovery, judgment, or settlement that Ms. Adriana Koeck may obtain on her claims against the General Electric Company and its subsidiaries.

    Ms. Koeck had executed a signed retainer agreement with Bernabei & Wachtel, PLLC ("the Firm"), under which the Firm is entitled to either (1) "a sum equal to 40% of the total

EXHIBIT B

Adriana Koeck, Esquire
Sarah Bouchard, Esquire
Barbara Van Gelder, Esquire
Charles Wayne, Esquire
August 12, 2008
Page 2 of 2

recovery . . . [which] shall include monetary payments, payment of benefits, payment of attorneys' fees and costs, and the value of any non-monetary recovery;" or (2) "any sum paid by the Defendant as attorneys' fees and/or costs."

    Alternatively, the Firm is entitled to a quantum meruit recovery under the Virginia attorneys' lien statute. See, e.g., Hughes v. Cole, 251 Va. 3, 25-26 (1996); Fary v. Aquino, 218 Va. 889, 891 (1978). The Firm has currently incurred $214,935.77 in unreimbursed attorneys' fees and expenses, through the present date, as set forth in the monthly invoices provided by this Firm to Ms. Koeck.

    Therefore, I would appreciate your informing me or my firm promptly as to any settlement, judgment, or other recovery in the above-captioned matter.

                            Sincerely,

                            Lynne Bernabei

cc:    Robert B. Nealon, Esquire
        David Weissbord Sanford, Esquire

## **CERTIFICATE OF SERVICE**

I hereby certify that on this   11th   day of December 2008, a copy of the foregoing Motion to Intervene was served on all counsel of record by this Court's Electronic Case Filing System on:

| | |
|---|---|
| Charles B. Wayne<br>Elisha A. King<br>DLA Piper US LLP<br>500 8th Street, NW<br>Washington, DC 20004 | Grant E. Morris<br>Law Offices of Grant E. Morris<br>1666 Connecticut Avenue, N.W.<br>Suite 310<br>Washington, D.C. 20009 |
| Barbara Van Gelder<br>Morgan, Lewis & Bockius, LLP<br>1111 Pennsylvania Ave., NW<br>Washington, DC 20004 | David Weissbord Sanford, Esquire<br>Sanford, Wittels & Heisler, LLP<br>1666 Connecticut Avenue, NW,<br>Suite 310<br>Washington, DC 20009 |
| Sarah E. Bouchard<br>Anne E. Martinez<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA  19103 | Robert B. Nealon, Esquire<br>Nealon & Associates, PC<br>119 N. Henry Street<br>Alexandria, VA  22314 |

/s/
_____
Alan R. Kabat, Esquire
Virginia Bar No. 76898
Attorney for Bernabei & Wachtel, PLLC
Bernabei & Wachtel, PLLC
1775 T Street N.W.
Washington, D.C.  20009-7124
(202) 745-1942
(202) 745-2627 (fax)
kabat@bernabeipllc.com