IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08cv591 |
| | ) | |
| **ADRIANA KOECK,** | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on the motion of Bernabei & Wachtel, PLLC ("Bernabei & Wachtel") to intervene pursuant to Rule 24(a)(2), Fed. R. Civ. P., which motion was noticed for a hearing on December 19, 2008.

Defendant retained Bernabei & Wachtel on November 27, 2007, to represent her on a contingency-fee basis in connection with her claims against plaintiff and plaintiff's counterclaims.[1] The retainer agreement provides that "[i]f the Client discharges the Firm, the Client will be responsible for payment of all reasonable attorneys' fees incurred prior to the discharge. Fees will be calculated based on an hourly rate basis . . . ." The agreement also specifies that defendant would pay the costs and expenses Bernabei & Wachtel incurred on her behalf. On August 9, 2008, defendant discharged Bernabei & Wachtel. On August 12, 2008, Bernabei & Wachtel provided written notice of its attorney's lien on any recovery defendant may obtain in this matter pursuant to Va. Code Ann. § 54.1-3932. On November 19, 2008, the parties' emergency joint motion to stay the proceedings in this matter was granted after the parties represented that they were finalizing a settlement agreement. *General Elec. Co. v. Koeck*, No.

---

[1] When defendant and Bernabei & Wachtel entered into a retainer agreement, defendant already had a Sarbanes-Oxley complaint against plaintiff pending before the U.S. Department of Labor. Plaintiff initiated the instant action on June 6, 2008.

1:08cv591 (E.D. Va. Nov. 19, 2008) (Order). Bernabi & Wachtel now seeks to intervene as a matter of right on the ground that it must be allowed to intervene to protect its interest in recovering attorneys' fees.

Rule 24(a)(2), Fed. R. Civ. P., allows intervention of right when the party seeking intervention "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The applicant must therefore demonstrate (1) "an interest sufficient to merit intervention;" (2) "that without intervention, its interest may be impaired;" and (3) "that the present litigants do not adequately represent its interest." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976). Bernabei & Wachtel has failed to show an adequate interest in this matter to justify intervention at this time. At present, the firm has an inchoate interest in defendant's claims. *See Montavon v. United States*, 864 F. Supp. 519, 522 (E.D. Va. 1994) ("[A]n attorney's lien is a creature of state law. Under Virginia law, such a lien comes into existence on the making of the contract of employment between the client and attorney, but then remains inchoate until judgment or recovery is obtained."). Such an inchoate interest is not sufficient to merit intervention.

For these reasons, and for the reasons to be set forth in a forthcoming Memorandum Opinion,

It is hereby **ORDERED** that because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid in the decisional process, the hearing on this motion that Bernabei & Wachtel noticed for December 19, 2008, is **CANCELLED**.

It is further **ORDERED** that Bernabei & Wachtel's motion to intervene is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 16, 2008

/s/ T. S. Ellis, III
T. S. Ellis, III
United States District Judge