UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| _____ ) | |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08cv591 (TSE/JFA) |
| ) | |
| ADRIANA KOECK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MOTION TO INTERVENE

Bernabei & Wachtel, PLLC, a Washington, D.C. law firm ("Bernabei & Wachtel"), by counsel and pursuant to Federal Rule of Civil Procedure 24(a)(2), hereby files this motion to intervene in this action, and to request that this Court not dismiss the case and retain jurisdiction over this action until there has been an appropriate distribution of the attorney's fees portion of the settlement.  As set forth below, Bernabei & Wachtel has a legal interest in any monetary settlement payments from the Plaintiff in this case, General Electric Company, to the Defendant in this case, Ms. Adriana Koeck, Esquire, and disposing of the action is likely to impair or impede its ability to protect its interests.

Since the parties have now filed their stipulation of dismissal (Jan. 28, 2009) (Doc. No. 155), Bernabei & Wachtel now has an adequate interest that justifies intervention at this time.

### I.     Factual and Procedural Background.

1.     On November 27, 2007, Ms. Koeck signed a retainer agreement with Bernabei & Wachtel, under which the firm represented Ms. Koeck in connection with her Sarbanes-Oxley complaint, then pending with the United States Department of Labor against the Plaintiff, and

with respect to counter-claims by General Electric Company.  <u>See</u> Retainer Agreement (Nov. 27, 2007) (attached and incorporated hereto as Exhibit A).  Paragraph 3 of the agreement provided that Ms. Koeck would not have to pay attorney's fees unless and until the case was settled or resolved in her favor, that she would pay Bernabei & Wachtel's reasonable expenses incurred in connection with her case, and that she would pay to Bernabei & Wachtel first, the greater of either 40 percent (40%) of the amount of any recovery, or the hourly fees at market rates.

2.      Ms. Koeck, when previously represented by different counsel, had earlier filed a SOX complaint with the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) on April 23, 2007.

3.      Bernabei & Wachtel entered its appearance on Ms. Koeck's behalf before the U.S. Department of Labor, and filed a supplemental summary judgment motion, a reply, and opposition to GE's supplemental cross-motion for summary judgment.  On March 13, 2008, the Administrative Law Judge (ALJ) ruled against Ms. Koeck on the issue of timeliness, and dismissed her case.

4.      Bernabei & Wachtel appealed the ALJ's ruling to the U.S. Department of Labor Administrative Review Board (ARB) on May 9, 2008.  General Electric opposed the appeal, and Bernabei & Wachtel filed a rebuttal brief on July 8, 2008.

5.      General Electric, the Plaintiff, filed this lawsuit against Defendant, Adriana Koeck, on June 6, 2008.

6.      Together with the Alexandria, Virginia law firm of Nealon & Associates, Bernabei & Wachtel represented Ms. Koeck in this case from June 6, 2008 to August 9, 2008.

7.      During that time, Bernabei & Wachtel prepared approximately eleven (11) filings for Ms. Koeck (including an answer, motions, oppositions, and briefs) and made at least four court appearances on her behalf.

8.      On July 16, 2008, Bernabei & Wachtel pled Ms. Koeck's Sarbanes-Oxley claim into this matter as a counterclaim.

9.      Bernabei & Wachtel also represented Ms. Koeck with respect to a D.C. Bar complaint filed by the Plaintiff in this case, and prepared and filed Ms. Koeck's response to that complaint.

10.     As of August 9, 2008, Bernabei & Wachtel had incurred $4,067.56 for expenses related to Ms. Koeck's case, which she had not paid then, and still has not paid.  She had been billed for expenses on a regular, monthly basis pursuant to the retainer agreement.

11.     After Bernabei & Wachtel, in preparation for settlement discussions, reminded Ms. Koeck about the attorneys' fees and costs on Saturday August 9, 2008, Defendant Koeck notified Ms. Bernabei in writing that she no longer wished to be represented by Bernabei & Wachtel, PLLC and that she had retained the Sanford, Wittels & Heisler law firm as her "Washington, D.C. counsel."   Nealon & Associates continued in the case.

12.     On August 12, 2008, Bernabei & Wachtel provided its notice of a statutory attorney's lien to all the parties in this case, and to the law firm of Sanford, Wittels & Heisler. See Letter from L. Bernabei to D. Sanford, *et al.* (Aug. 12, 2008) (attached and incorporated hereto as Exhibit B).

13.     On November 18, 2008, the parties filed a joint motion in this Court stating that they had "reached an agreement on all outstanding claims in this action" and requesting the Court stay all proceedings in this matter for fourteen (14) days.  See Motion to Stay (Doc. No.

136) (Nov. 18, 2008).  This Court granted the motion.  <u>See</u> Order (Doc. No. 142) (Nov. 19, 2008).

 14. Defendant and her new counsel did not provide Bernabei & Wachtel with notice of the imminent settlement.

 15. On November 25, 2008, current counsel for Defendant indicated that because settlement discussions were still ongoing concerning a related matter, settlement of this case had not yet been completed but that when it is completed, the attorney's fees portion of the settlement will be deposited into escrow.  However, he did not explain whether or how the proceeds would be allocated between this case and the related matter.

 16. On December 11, 2008, Bernabei & Wachtel filed a motion to intervene.  This Court found that the motion was premature, since no judgment or recovery had been obtained by Defendant in this matter, so that the firm's interest remained inchoate.  <u>See</u> Order (Doc. 147) (Dec. 16, 2008).  Subsequently, pursuant to this Court's order granting the parties' joint motion for an extension of time, <u>see</u> Order (Doc. 154) (Jan. 23, 2009), the parties filed their stipulation of dismissal, so that the firm's interest in this action is no longer inchoate.

 II. **LEGAL ARGUMENT.**

 Rule 24(a)(2) requires that the district court must allow intervention in order to protect a person or entity that has a cognizable interest in the underlying action:

> Intervention as of Right.  On timely motion, **the court must permit anyone to intervene** who:
> . . .
> (2) **claims an interest relating to the property or transaction that is the subject of the action,** and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2), Fed. R. Civ. P. (emphasis added).

The Fourth Circuit has explained that a person or entity seeking to intervene pursuant to Rule 24 must demonstrate:  "first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest."  Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976); accord Cooper Tech. Co. v. Dudas, 247 F.R.D. 510, 514 (E.D. Va. 2007) (same).

This Court should allow Bernabei & Wachtel to intervene, because all three criteria for intervention pursuant to Rule 24 are satisfied.

### (1)    Bernabei & Wachtel's Interest in the Attorneys' Fees Is Legally Cognizable.

The firm's interest in the attorneys' fees is a legally cognizable interest that is sufficient to merit intervention.  Courts in other jurisdictions have held that an attorney or a law firm are entitled to intervene, pursuant to Rule 24, in order to protect their interests in the settlement of an action in which the attorney or law firm formerly represented a party, and has a right to recovery of unpaid attorneys' fees and expenses.  See, e.g., Venegas v. Skaggs, 867 F.2d 527, 529-31 (9th Cir. 1989) (reversible error to deny intervention by former attorney for plaintiff in civil rights action), aff'd on other grounds, 495 U.S. 82 (1990); Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986) (reversible error to deny motion to intervene by plaintiff's former attorney) (collecting cases); Swann v. Dallas, 172 F.R.D. 211, 214 (N.D. Tex. 1997) (former attorneys entitled to intervene as of right, since they "have a legally cognizable interest in the final judgment") (collecting cases); Martens v. Hadley Memorial Hosp., 753 F. Supp. 371 (D.D.C. 1990) (former attorney had right to intervene to protect his interest, even after stipulation of dismissal was filed).

This Court, in ruling on Bernabei & Wachtel's initial motion to intervene, found that it was premature since no settlement or recovery had been obtained, so that the firm's interest was

inchoate.  See Order, at 2 (Doc. No. 147) (Dec. 16, 2008).  However, the parties have now filed their stipulation of dismissal, pursuant to this Court's scheduling order.

This Court should find that Bernabei & Wachtel's interest in the settlement of Ms. Koeck's claims against General Electric is no longer inchoate, but has now matured, thereby meriting intervention.

### (2)    Bernabei & Wachtel's Interests Would Be Impaired.

Bernabei & Wachtel satisfies the second criterion for intervention, since its interest may be impaired if the parties are allowed to settle this action and distribute the settlement proceeds without regard to the interests of Bernabei & Wachtel.  This Court should maintain judicial oversight of this action to ensure that the interests of all parties, including the intervenor, are properly protected.  See, e.g., Swann, 172 F.R.D. at 214 (attorney's interest impaired, since they "will have to institute another action to collect their fees from this lawsuit … this is sufficient to show the requisite impairment"); Martens, 753 F. Supp. at 372 (attorney's interest impaired by dismissal of action before resolution of attorney's charging lien).

### (3)    The Parties Do Not Adequately Represent the Intervenor's Interests.

Finally, Bernabei & Wachtel also satisfies the third criterion for intervention, since the present litigants and their counsel do not adequately represent the proposed intervenor's interests, as neither General Electric nor Ms. Koeck have any interest in providing for movant. Here, movant seeks intervention for a limited purpose, and solely to enforce its statutory and contractual rights, and movant's intervention will have no effect on the total amount to be paid by General Electric, since it will only effect the allocation of that amount.  Similarly, movant's intervention will have no effect on the litigation of the claims and defenses in this action, since the parties have resolved their dispute.

### III.    <u>CONCLUSION.</u>

For the foregoing reasons, this Court should find that Bernabei & Wachtel have satisfied all three criteria for intervention pursuant to Rule 24, since disposing of this action before the proper payment of attorney's fees would materially impair Bernabei & Wachtel's ability to protect its interest.  Further, Bernabei & Wachtel's interest in this matter justifies intervention, since the parties have filed a stipulation of dismissal, so that the firm's interest in the defendant's recovery has matured.  This Court should grant Bernabei & Wachtel's motion to intervene, allow it status as an interested party, and retain jurisdiction over this case until such time as attorney's fees have been disbursed to the law firms that have represented Ms. Koeck.

Respectfully submitted,

/s/
_____
Alan R. Kabat, Esquire
Virginia Bar No. 76898
Attorney for Bernabei & Wachtel, PLLC
Bernabei & Wachtel, PLLC
1775 T Street N.W.
Washington, D.C.  20009-7124
(202) 745-1942
(202) 745-2627 (fax)
kabat@bernabeipllc.com

DATED:  January 28, 2009

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this <u>28th</u> day of January 2009, a copy of the foregoing Motion to

Intervene was served on all counsel of record by this Court's Electronic Case Filing System on:

Charles B. Wayne
Elisha A. King
DLA Piper US LLP
500 8th Street, NW
Washington, DC 20004

Grant E. Morris
Law Offices of Grant E. Morris
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009

Barbara Van Gelder
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004

David Weissbord Sanford, Esquire
Sanford, Wittels & Heisler, LLP
1666 Connecticut Avenue, NW,
Suite 310
Washington, DC 20009

Sarah E. Bouchard
Anne E. Martinez
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA  19103

Robert B. Nealon, Esquire
Nealon & Associates, PC
119 N. Henry Street
Alexandria, VA  22314

/s/
_____
Alan R. Kabat, Esquire
Virginia Bar No. 76898
Attorney for Bernabei & Wachtel, PLLC
Bernabei & Wachtel, PLLC
1775 T Street N.W.
Washington, D.C.  20009-7124
(202) 745-1942
(202) 745-2627 (fax)
kabat@bernabeipllc.com