UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GENERAL ELECTRIC COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADRIANA KOECK, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:08cv591 - TSE/JFA |

**DEFENDANT ADRIANA KOECK'S MEMORANDUM
IN SUPPORT OF MOTION TO SEAL**

Defendant Adriana Koeck submits this memorandum in support of her Motion to Seal pursuant to Local Civil Rule 5.  Defendant Koeck respectfully requests that this Court enter an Order sealing the Reply Brief in Support of Motion to Intervene ("Reply Brief") filed by the firm Bernabei & Wachtel, PLLC, (Bernabei) on January 30, 2009.  Such Reply Brief is rife with unauthorized disclosures of Ms. Koeck's client confidences and, thus, violates the attorney-client privilege.

**Factual Background**

1.  On June 6, 2008, Plaintiff General Electric Company ("GE") filed a Complaint in this matter against Adriana Koeck.

2.  From November 27, 2007 through August 8, 2008, Ms. Koeck was represented in this matter by the firm Bernabei & Wachtel.

3.  On August 8, 2008, Ms. Koeck terminated her relationship with Bernabei and retained Sanford Wittels & Heisler as her new counsel.

4.     Subsequently, GE and Ms. Koeck filed a joint stipulation of dismissal on January 23, 2009.

5.     On January 28, 2009, Bernabei filed a motion to intervene in this matter arguing that it was entitled to recover attorney's fees from any settlement funds Ms. Koeck might have received in the above-captioned matter.

6.     On January 29, 2008, Ms. Koeck filed an opposition to Bernabei's Motion to Intervene. In the "Relevant Facts" Section of Ms. Koeck's Opposition, Ms. Koeck noted that she terminated her relationship with Bernabei because of Bernabei's "(1) failure to abide by Ms. Koeck's explicit instructions, (2) acting in the absence of Ms. Koeck's authority; (3) failure to communicate with Ms. Koeck about her case." *See* Defendant Adriana Koeck's Memorandum of Law Opposing Motion to Intervene. The only other mentions Ms. Koeck made regarding her termination of Bernabei in her nine page filing were (1) a footnote where Koeck noted that "the right to intervene is particularly questionable where, as here, Bernabei was terminated for cause" and (2) a characterization of the Bernabei law firm as being "dismissed for cause" in the conclusion.

7.     On January 30, 2009, Bernabei publicly filed a reply in support of its Motion to Intervene. In that Reply Brief, Bernabei did not address the legal arguments put forward by Ms. Koeck in Koeck's Opposition. Instead, Bernabei disputed Ms. Koeck's characterization of the termination as being for cause, spending nineteen pages revealing numerous client confidences. Furthermore, Bernabei attached several exhibits to the Reply Brief including (i) confidential correspondence between Ms. Koeck and Bernabei, and (ii) Bernabei's time records for Ms. Koeck's case which reveal a number of client confidences.

**Argument**

I.  **Compelling Governmental Interests in Preservation of the Attorney-Client Privilege Warrant an Order Sealing Bernabei's Reply Brief**

The decision whether to enter an order to seal is one committed to the sound discretion of the District Court.  *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004).  As the Fourth Circuit explained in *Virginia Department of State Police*, there are two sources of the public's right of access to documents filed in a district court – the common law and the First Amendment.  *Virginia Dept. of State Police*, 386 F.3d at 575.  Although the common law "presumes a right of the public to inspect and copy all judicial records and documents," *Id.*, this presumption can be rebutted if a "countervailing interest" outweighs the public's interest in access.  *Id.* (quoting *Rushford v. New Yorker*, 846 F.2d 249, 253 (4th Cir. 1988).

The First Amendment right of access, in contrast, extends only to certain judicial records and documents in a civil case.  Specifically, it extends only to those documents that relate to a determination on the merits, whether by trial or summary judgment.  *Id.* at 575-76.  As to those documents and materials covered by the First Amendment right of access, a district court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest."  *Id.* at 575 (citation and internal quotation marks omitted).

    1.  **Although the First Amendment Right of Access Is Not Implicated at this Stage of the Proceedings, it Would Be Outweighed by the Compelling Governmental Interest in Preserving the Attorney-Client Privilege**

The Fourth Circuit has held that the First Amendment right of access does not apply to all judicial records and documents in a civil case, but rather applies only to those that relate to a determination on the merits, whether by trial or summary judgment.  *Virginia Dept. of State*

3

*Police*, 386 F.3d at 575-76.  There generally is no First Amendment right of access to pretrial matters.  *Id*. 386 F.3d at 580 (noting strong doubts that "the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion").

In general, a motion to intervene is not a dispositive motion; in the present matter, the motion to intervene served as a pretrial motion concerning attorney's fees, filed by a non-party.  Furthermore, the Reply Brief in question, although styled as a "reply," is almost wholly unrelated to Bernabei's initial Motion to Intervene and to Defendant Koeck's Opposition to that motion.  The Reply Brief does not address whether or not the Motion to Intervene should be granted – the operative question.  Instead, the Reply Brief is a gratuitous detour on the part of Bernabei, designed to embarrass Ms. Koeck and distract the Court from the issue before it.  Notably, this Court did not engage with any of the issues Bernabei attempted to raise in its Reply Brief during the extensive hearing on the topic.  Therefore, because the Reply Brief is not a document relating to a determination on the merits, no First Amendment right of access has been implicated.  Thus, the First Amendment is not an impediment to the Court sealing Bernabei's Reply Brief.

Even if the First Amendment were implicated in this matter, it would be substantially outweighed by the "compelling governmental interests" in preserving the attorney-client privilege.  The attorney-client privilege is extremely important in our system of justice and, therefore, is a compelling governmental interest.  The primary rationale underlying the attorney-client privilege is that an attorney may give reasonably informed professional advice only when information is given in confidence to the attorney by the client.  *Upjohn v. United States*, 449 U.S. 383, 389 (1981).  The Supreme Court has long recognized that principle:

> The rule which places the seal of secrecy upon communications between client and attorney is founded upon the necessity, in the

4

>   interest and administration of justice, of the aid of person's having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure.

*Hunt v. Blackburn*, 128 U.S. 464, 470 (1888).  Because the attorney client privilege is so important to the effective administration of justice, it qualifies as a compelling governmental interest.

Another policy rationale for the attorney-client privilege is an understanding that people will not seek a lawyer's advice if they are afraid that their communications with counsel may be revealed to third parties.  *See Upjohn*, 449 U.S. at 389 (the purpose of the attorney-client privilege is "to encourage clients to make full disclosures to their attorneys").  A final policy rationale for the attorney-client privilege is the idea that freedom of consultation between lawyers and clients will result in voluntary compliance with regulatory laws and thus facilitate the effective administration of those laws.  *Natia v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968) ("The attorney-client privilege is designed 'to facilitate the administration of justice' by promot[ing] freedom of consultation of legal advisors by clients.'").

As noted above, the attorney-client privilege serves many compelling governmental interests.  These compelling governmental interests are also reflected in the Rules of Professional Conduct that apply to the legal profession, which protects client confidences.  *See e.g.* D.C. Rule of Professional Conduct 1.6 and comments (prohibiting disclosure of attorney client confidences); *see also* Virginia Rule of Professional Conduct 1.6 (same).  Notably, both the District of Columbia and the Virginia Rules of Professional Conduct – promulgated by each jurisdiction's highest court – clearly contemplate that privileged information revealed by an attorney in a dispute with a client should be placed under seal and provide a mechanism for

5

doing so. *See* D.C. Rule of Professional Conduct 1.6 comment 21; Virginia Rule of Professional Conduct 1.6 comment 10.

### 2. The Common Law Right of Access is Heavily Outweighed by the Countervailing Interest in Preserving the Attorney-Client Privilege

The Fourth Circuit noted in *Virginia Dept. of State Police* that, although the common law right of access applies to all judicial documents, the common law affords "significant[ly]" less access rights than does the First Amendment. *Virginia Dept. of State Police*, 386 F.3d at 575. "[T]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.' Consequently, 'the common law does not provide as much access to the press and public as does the First Amendment.'" *Id.* (citations omitted). Accordingly, the right of access under the common law can be rebutted by merely showing a significant countervailing interest, rather than the more stringent "compelling governmental interest" required to overcome the First Amendment right of access. *Id*.

In assessing the common law right of access, the district court must engage in a balancing test, weighing the strength of the public interest in access in the case at hand against the strength of the significant countervailing interests identified by the movant. Some of the factors to be weighed in assessing the strength of the public interest in access "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an historical event; and whether the public has already had access to the information contained in the records." *Id.*

Here this balancing test overwhelmingly weighs in favor of the sealing order that Ms. Koeck requests. As discussed above, there are significant countervailing interests at play as well as compelling governmental interests that favor sealing Bernabei's Reply Brief. Furthermore, the other factors also weigh in favor of sealing. Specifically, the release of Ms. Koeck's client

confidences would not enhance the public's understanding of an important historical event and the public otherwise does not have access to Ms. Koeck's confidential information. Accordingly, the public interest in access is not a substantial one in this case and is far outweighed by the significant countervailing interest in preserving Ms. Koeck's attorney-client privilege.[1]

### 3. Bernabei's Reply Brief Violates the Rules of Professional Responsibility

In addition to undermining the important governmental interest of preserving the attorney-client privilege, Bernabei's Reply Brief also violates the legal ethical rules. The District of Columbia Rules of Professional Conduct, which govern the conduct of the Bernabei firm, make it clear that an attorney must protect client confidences.[2] D.C. Rule of Professional Responsibility 1.6. The D.C. Rules of Professional Conduct allow for limited exceptions to the attorney-client privilege. Specifically, the rules allow disclosure of client confidences in the context of a fee dispute.[3] However, Rule 1.6(e)(5) of the D.C. Rules makes clear that a lawyer may reveal client confidences only "to the ***minimum extent necessary*** in an action instituted by the lawyer to establish or collect the lawyer's fee." D.C. Rule of Professional Responsibility 1.6(e)(5) (emphasis added). The Comments to the Rule further state:

---

[1] Sealing Bernabei's Reply Brief is not a drastic remedy. It is one motion filed be a non-party on a subsidiary issue. Therefore, there is no less drastic alternative that Ms. Koeck could propose.

[2] Bernabei is admitted in D.C. and so is bound by its Rules. The Bernabei firm also practiced in this Court, and so is bound by the Virginia Rules of Professional Conduct. The Virginia Rules of Professional Conduct do not have a specific provision about fees, but do require that attorneys take appropriate steps to shield any disclosures to the extent those disclosures are necessary. As the D.C. Rules give more detailed, and so more restrictive, guidelines, Defendant Koeck refers to those guidelines herein.

[3] The D.C. Rules of Professional Conduct make clear that the duty of confidentiality continues even after the client-lawyer relationship has terminated. D.C. Rules of Professional Conduct 1.6 comment 29.

> If the client's response to the lawyer's complaint raised issues implicating confidences or secrets, the lawyer would be permitted to disclose confidential or secret information pertinent to the client's claims or defenses. Even then, ***the rule would require that the lawyer's response be narrowly tailored to meet the client's specific allegations, with the minimum degree of disclosure sufficient to respond effectively***. In addition, the lawyer should continue, throughout the action, to make every effort to avoid unnecessary disclosure of the client's confidences and secrets and to limit the disclosure to those having the need to know it. To this end ***the lawyer should seek appropriate protective orders and make any other arrangements that would minimize the risk of disclosure of the confidential information in question, including the utilization of in camera proceedings***.

D.C. Rules of Professional Conduct 1.6, Comment 27 (emphasis added).

It is clear from the plain language of the rule above that even if Bernabei were permitted to disclose some client confidences in arguing for its Motion to Intervene and its underlying interest in recouping fees (a fact Defendant Koeck does not concede), Bernabei was required to make those disclosures in a limited manner. Specifically, the D.C. Rules of Professional Conduct require the attorney to limit disclosures to those having a need to know the information. The Rules further call upon the lawyer to make arrangements to minimize the risk of disclosure, such as seeking a protective order, filing something under seal or using *in camera* proceedings. Rather than take such precautions, Bernabei ***publicly*** filed its Reply Brief – a document replete with Ms. Koeck's confidential information – thereby blithely exposing privileged communications in total disregard of the requirements imposed by the ethical rules. *See also First Federal Sav. & Loan Assoc. v. Oppenheim, Appel, Dixon & Co.*, 110 F.R.D. 557, 568, (S.D.N.Y. 1986) (with respect to the exception that allows attorneys to reveal client confidences in "self-defense," the court directed the attorney to first submit all documents that contained client confidences for *in camera* review); *Zachair, Ltd. V. Driggs*, 965 F. Supp. 741, 755 (D. Md. 1997) (attorney's disclosure of client confidences did not fall under an exception because the

disclosures "revealed information above and beyond what was needed to absolve [the attorney] of liability" and "disregarded each of the protective measures" under the rule protecting client confidences). Such a blatant violation of the legal ethical rules further justifies placing Bernabei's Reply Brief under seal.

### Conclusion

For the foregoing reasons, Ms. Koeck respectfully requests that this Court grant her Motion to Seal,[4] thereby sealing Bernabei's Reply Brief in Support of Motion to Intervene, filed on January 30, 2009.

Dated:  February 4, 2009.                                   Respectfully submitted,

                                                                           /s/
Grant Morris, VA Bar No. 16260
**LAW OFFICES OF GRANT MORRIS**
1666 Connecticut Ave., NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776
grantemorris@gmail.com


David Sanford, D.C. Bar No. 457933*
Stefanie Roemer, D.C. Bar No. 464450*
Christine Dunn, D.C. Bar No. 468401*
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W.

---

[4] Defendant's Counsel contacted Bernabei to advise it, as a courtesy, that Plaintiff would be filing this Motion to Seal. Bernabei conceded that it had no objection to filing the Reply Brief under seal on the condition that Defendant also move to file Ms. Koeck's Opposition to the Motion to Intervene. Defendant Koeck, however, is mindful of the Court's aversion to placing documents under seal unnecessarily. Defendant's Opposition to Motion to Intervene was relevant to the question of whether intervention was proper and did not violate the applicable ethical rules or needlessly expose privileged communications. Therefore, there is no basis for asking the Court to place Defendant's Opposition to Motion to Intervene under seal and Defendant would object to any motion from Bernabei to do so.

Suite 310  
Washington, D.C. 20009  
Telephone: (202) 742-7780  
Facsimile: (202) 742-7776  
dsanford@nydclaw.com  
sroemer@nydclaw.com  
cdunn@nydclaw.com  
*Admitted pro hac vice*

*Attorneys for Adriana Koeck*